United States District Court
Eastern District of Michigan

United States of America,

    Plaintiff,

v.

Zachery Keeler, dba Even Keel Exotics, LLC.

    Defendant.

Civil No. 23-11748

Honorable Mark A. Goldsmith
Mag. Judge Curtis Ivy, Jr.

## Consent Decree

This Consent Decree is entered into by and between Plaintiff, the United States of America, and Defendant, Zachery Keeler doing business as Even Keel Exotics, LLC, who state as follows:

WHEREAS, on July 20, 2023, the United States filed a complaint against Zachery Keeler doing business as Even Keel Exotics, alleging violations of the Animal Welfare Act ("AWA"), 7 U.S.C. §§ 2140, 2143(a)(1), 2159, and the Endangered Species Act ("ESA"), 16 U.S.C. § 1538(a)(1)(B), (D), (G), (g), seeking preliminary and permanent injunctive relief;

WHEREAS, the Complaint alleges that Zachery Keeler holds AWA license 34-B-0225;

1

WHEREAS, the Complaint alleges that Zachery Keeler doing business as Even Keel Exotics has violated the AWA and its implementing regulations and standards by failing to provide access to United States Department of Agriculture ("USDA") Animal and Plant Health Inspection Service ("APHIS") inspectors; failing to maintain complete and accurate records; failing to make potable water available as necessary for the health and comfort of each animal; failing to provide adequate veterinary care; failing to maintain safe and sanitary conditions and facilities; failing to meet minimum standards for handling animals; and by placing the health of certain animals in serious danger;

WHEREAS, the Complaint also alleges that Zachary Keeler doing business as Even Keel Exotics has violated the ESA by unlawfully taking endangered ring-tailed lemurs by prematurely separating a lemur from its mother and by forcing the lemur to interact with the public; by continuing to possess unlawfully taken ESA-protected ring-tailed lemurs; and by attempting to sell a taken ring-tailed lemur;

WHEREAS, the United States sought concurrence consistent with Local Rule 7.1 from Zachery Keeler regarding the terms of a motion for temporary restraining order that the United States intended to file;

WHEREAS, on July 24, 2023, the Court entered the Parties' Stipulated Order to resolve the issues the United States intended to raise in its motion for a temporary restraining order;

WHEREAS, the Parties recognize, and the Court by entering this Consent Decree finds, that this Consent Decree has been negotiated by the Parties in good faith and will avoid litigation between the Parties and that this Consent Decree is fair, reasonable, and in the public interest.

NOW, THEREFORE, with the consent of the Parties, IT IS HEREBY ADJUDGED, ORDERED, AND DECREED as follows:

1. This Court has jurisdiction over the subject matter of this action, pursuant to 28 U.S.C. §§ 1331 and 1345, 16 U.S.C. § 1540(c) (actions arising under the ESA), and 7 U.S.C. § 2146(c) (actions arising under the AWA), and over the Parties. Venue lies in this District pursuant to 28 U.S.C. § 1391 because the violations alleged in the Complaint are alleged to have occurred in this judicial district. For purposes of this Decree, or any action to enforce this Decree, Zachery Keeler and Even Keel Exotics consent to the Court's jurisdiction over them, this Decree and any such action to enforce it, and to venue in this judicial district.

2. The obligations of this Consent Decree apply to and are binding upon the United States and upon Zachery Keeler and Even Keel Exotics and any successors, assigns, or other entities or persons otherwise bound by law.

3. No transfer of ownership or operation of Even Keel Exotics shall relieve Zachery Keeler of his obligation to ensure that the terms of this Consent Decree are implemented.

4. Zachery Keeler shall provide a copy of this Consent Decree to all Even Keel Exotics officers, employees, and agents whose duties might reasonably include compliance with any provision of this Decree. In any action to enforce this Decree, Zachery Keeler shall not raise as a defense the failure to provide a copy of this Decree to any officer, employee, or agent or the failure of any of the officers, employees, or agents to take any actions necessary to comply with the provisions of this Decree.

5. Zachery Keeler shall permanently refrain from buying, selling, transporting, exhibiting, or delivering for transportation, any AWA-regulated animal, under any circumstances, whether on his behalf or on the behalf of another licensee or registrant. 9 C.F.R. § 2.10(c).  Zachery Keeler further agrees to permanently refrain from applying for any AWA license or registration, either in an individual capacity or through any corporate entity.

6. Zachery Keeler shall permanently refrain from unlawfully taking any ESA-protected ring-tailed lemurs. Zachery Keeler further agrees not to possess, sell, deliver, carry, transport, or ship, by any means, any unlawfully taken ring-tailed lemurs.

7. Zachery Keeler and Even Keel Exotics agree to surrender the animals identified in Attachment A. Zachery Keeler and Even Keel Exotics confirm that they legally own the animals identified in Attachment A and

4

that no other person has any rights or interests in those animals. Zachery Keeler and Even Keel Exotics agree to abandon right, title, and interest in those animals listed in Attachment A. Zachery Keeler and Even Keel Exotics understand that, once USDA takes possession of the animals, title to the animals and their offspring may vest in anyone. Zachery Keeler and Even Keel Exotics permanently relinquish any right to direct or control to whom title vests and have no intention of resuming or reasserting title to the animals or their offspring.

8. Zachery Keeler and Even Keel Exotics agree to provide adequate care, including food, potable water, sanitary conditions, shelter and veterinary care to the animals listed in Attachment A and any offspring they may have until the United States, through USDA, takes physical possession of the animals.

9. The United States, through USDA, shall take physical possession of the animals listed in Attachment A no later than 14 days after the Court enters the Consent Decree.

10. The United States shall provide Zachery Keeler 48 hours' notice before arriving at the Even Keel Exotics facility to take possession of any animals listed in Attachment A. Zachery Keeler shall ensure that the animals are available and accessible at the time specified by the United States. Zachery Keeler shall ensure that he or his designee is available for

the entire time that the USDA, including its employees, agents, and contractors, is at the Even Keel Exotics facility to remove the animals. Zachery Keeler agrees to cooperate with all reasonable requests related to the removal of the animals and shall not interfere with any assessment or removal of animals listed in Attachment A.

11. The Order entering this Decree may be modified by the Court upon good cause shown, consistent with the Federal Rules of Civil Procedure, by written stipulation between the Parties filed with and approved by the Court, or upon written motion by one of the Parties and granted by the Court. In the event that either Party seeks to modify the terms of this Decree or in the event of a dispute arising out of or relating to this Decree, or in the event that either Party believes that the other Party has failed to comply with any term or condition of this Decree, the Party seeking the modification, raising the dispute, or seeking enforcement shall provide the other Party with notice of the claim or modification. The Parties agree that they will meet and confer at the earliest possible time in a good-faith effort to resolve the claim before seeking relief from the Court. The Parties agree that they may meet and confer by email. If the Parties are unable to resolve the claim themselves, either Party may seek relief from the Court.

12. This Consent Decree in no way limits or affects any right of entry and inspection, or any right to obtain information, held by the United States pursuant to applicable federal laws, regulations, or licenses, nor does it limit or affect any duty or obligation of Zachery Keeler or Even Keel Exotics to maintain documents, records, or other information imposed by applicable federal or state laws, regulations, permits, or Court orders.

13. This Consent Decree resolves the civil claims of the United States against Zachery Keeler and Even Keel Exotics for the violations alleged in the Complaint, including any other claims or requests for relief, known or unknown, which could have been brought or included as part of the Complaint, filed in this action through the date this Decree is entered by the Court.

14. Within 14 days of the Court approving the Consent Decree, the United States shall move to dismiss all counts of the Complaint in this action as raised against Zachery Keeler doing business as Even Keel Exotics.

15. The United States reserves all legal and equitable remedies available to enforce the provisions of this Consent Decree. This Decree shall not be construed to limit the rights of the United States to obtain penalties or injunctive relief under the AWA, ESA, or relevant implementing regulations and standards, or under other federal laws, regulations, or license conditions, except as expressly provided herein.

16. The United States expressly reserves the right to seek any other relief it deems appropriate for a violation of this Decree or applicable law by Zachery Keeler or Even Keel Exotics, including but not limited to an action for statutory penalties, additional injunctive relief, and/or contempt.

17. Zachery Keeler and Even Keel Exotics release and forever discharge the United States, including but not limited to the United States Department of Justice, USDA, and any other federal agency and their agents, contractors, and employees, acting in their individual or official capacities, from any and all claims, rights or causes of action, damages, expenses and costs, known or unknown, which Zachery Keeler and/or Even Keel Exotics has or may have against these government agencies and/or their employees, agents, and contractors arising from, related to, or as a result of, any actions with respect to this litigation.

18. In any subsequent administrative or judicial proceeding initiated by the United States for injunctive relief, civil penalties, or other appropriate relief relating to any violations of law by Zachery Keeler and/or Even Keel Exotics, they shall not assert, and may not maintain, any defense or claim based upon the principles of waiver, res judicata, collateral estoppel, issue preclusion, claim preclusion, claim-splitting, or other defenses based upon any contention that the claims raised by the United

States in the subsequent proceeding were or should have been brought in the instant case, except with respect to claims that have been specifically resolved pursuant to Paragraph 13.

19. Nothing in this Consent Decree shall be construed or offered as evidence in any proceeding as an admission or concession of wrongdoing, liability, or any issue of fact or law concerning the claims settled under this Consent Decree or any similar claims brought in the future by any other party. Except as expressly provided in this Consent Decree, none of the Parties waives or relinquishes any legal rights, claims, or defenses it may have. This Consent Decree is executed for the purpose of settling the United States' Complaint as to Zachery Keeler doing business as Even Keel Exotics, and nothing herein shall be construed as precedent having preclusive effect in any other context.

20. This Consent Decree is not a license, or a modification of any license, under any federal, State, or local laws or regulations. Even Keel Exotics is responsible for achieving and maintaining complete compliance with all applicable federal, State, and local laws, regulations and licenses; and Zachery Keeler's and Even Keel Exotics' compliance with this Consent Decree shall be no defense to any action commenced pursuant to any such laws, regulations, or permits, except as set forth herein. The United States does not, by its consent to the entry of this Consent Decree,

warrant or aver in any matter that Zachery Keeler's or Even Keel Exotics' compliance with the Consent Decree will result in compliance with the AWA, the ESA, or with any other provisions of federal, State, local laws, regulations, or licenses.

21. This Consent Decree does not limit or affect the rights of the United States against third Parties, not party to this Consent Decree, nor does it limit the rights of third Parties, not party to this Consent Decree, against Zachery Keeler or Even Keel Exotics, except as otherwise provided by law.

22. The Parties shall bear their own costs of this action, including attorneys' fees.

23. This Consent Decree shall be binding upon the Parties as of the date upon which this Consent Decree is signed and lodged with the Court, unless otherwise provided expressly herein. In the event that the Court declines to enter the Consent Decree, then the requirement to perform duties required by this Consent Decree shall terminate.

24. This Consent Decree constitutes the entire agreement among the Parties regarding the subject matter of the Consent Decree and supersedes all prior representations, agreements, and understandings, whether oral or written, concerning the subject matter of the Consent Decree herein.

25. The undersigned Parties and/or their representatives certify that they are fully authorized by the Party or Parties they represent to agree to the Court's entry of the terms and conditions of this Consent Decree and do hereby agree to the terms herein.

26. The Parties hereby stipulate and respectfully request that the Court retain jurisdiction after dismissal to oversee compliance with the terms of this Consent Decree and to resolve any motions to modify or enforce such terms. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375 (1994).

IT IS SO ORDERED.

Dated:  August 15, 2023                 s/Mark A. Goldsmith
       Detroit, Michigan              MARK A. GOLDSMITH
                                           United States District Judge

So stipulated and agreed:

By: /s/ *Mary Hollingsworth*
MARY HOLLINGSWORTH
Senior Trial Attorney
U.S. Department of Justice
Environment & Natural Resources Division
Wildlife & Marine Resources Section
211 W. Fort Street, Rm. 2353
Detroit, MI 48226
Mary.Hollingsworth@usdoj.gov
(202) 598-1048
CHRISTIAN H. CARRARA
Trial Attorney
U.S. Department of Justice
Environment & Natural Resources Division
Wildlife & Marine Resources Section
P.O. Box 7611, Ben Franklin Station
Washington, D.C. 20044-7611
Christian.Carrara@usdoj.gov
(202) 598-9736

*Attorneys for the United States*

By: /s/ *with consent of Charles Dunn*
Charles Dunn, Esq.
Charles E. Dunn, PLC
P.O. Box 230
Clarkston, MI 48347
CharlesEDunnPLC@gmail.com
(248) 807-6284

*Attorney for the Defendant*

By: _____
Zachery Keeler, d/b/a Even Keel Exotics
2516 West Rauch Road
Temperance, MI 48182

12

## ATTACHMENT A

- (2) red fox – *Vulpes vulpes*
- (1) serval – *Leptailurus serval*
- (7) ring-tailed lemurs – *Lemur catta*
- (3) kinkajou – *Potos flavus*
- (1) fishing cat – *Prionailurus viverrinus*
- (~50) black-tailed prairie dog – *Cynomys ludovicianus*
- (6) striped skunk – *Mephitis mephitis*
- (4) Bennett's wallaby/red-necked wallaby – *Notamacropus rufogriseus*
- (~60) Richardson's ground squirrel – *Spermophilus richardsonii*
- (2) Prehensile tailed porcupines – *Hystrix prehensilis*
- (1) African crested porcupine – *Hystrix cristata*
- (5) fennec fox – *Notamacropus rufogriseus*

13